## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIS NEVLING,<br><br>            Plaintiff,<br><br>    v.<br><br>GREIF PACKAGING, LLC, et al.,<br><br>            Defendants. | No. 08-3938 |

## MEMORANDUM ORDER

August 4, 2011

Plaintiff Janis Nevling's complaint in this diversity action alleges that she

sustained serious and permanent injuries in the course of her employment as a result of

the negligence of defendants Greif Packaging, LLC ("Greif") and Fleming Transportation

("Fleming"). In response to plaintiff's complaint, Fleming filed a third-party complaint

against HUB International, Ltd., HUB Transportation Services, Inc. f/k/a Coburn

Insurance Agency, Inc., and Coburn Insurance Agency, Inc. (collectively, "HUB").  The

third-party complaint alleges that HUB, in its capacity as Fleming's insurance agent,

negligently failed to ensure that Greif was listed as an additional insurer under its

applicable insurance coverage, and that this negligence rendered HUB liable to Greif

and/or Fleming for contractual or common law contribution or for indemnity.  *See* Docket

No. 49.

HUB has now filed a motion for severance of the third-party action, or in the alternative for a separate trial. Greif has filed a response, joined by Fleming, that opposes HUB's request for severance, but argues that the court should hold bifurcated trials. Greif suggests that the first trial, in which HUB would not participate, would address plaintiff's personal injury claim.  The second trial would address the insurance dispute, and HUB would be precluded from challenging the results of the personal injury action. Alternatively, Greif argues that, in the event of severance, HUB should be estopped from collaterally attacking the results of the first trial.  HUB's reply argues that severance would be more appropriate than bifurcation in order to prevent prejudice to HUB.  HUB further argues that, if severance were to be granted, it should not be estopped from contesting the result of the personal injury action, because to do so would inappropriately treat an insurance agent that failed to obtain insurance like an insurer which breached its duty to defend.

It is clear that either severance or bifurcation of the personal injury and third-party insurance claims will ultimately be necessary in this case should both claims proceed to trial.  However, determining which is more appropriate appears likely to hinge, at least in part, on legal issues—such as the nature of an insurance agent's duty to its customers—that have not been fully briefed by the parties but that will very likely be raised by the parties on summary judgment.  Accordingly, HUB's current motion (Docket No. 66) is hereby DENIED without prejudice. *Cf. Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11–12 (D.D.C. 2008) (denying premature motion to sever without

3

prejudice so that discovery could shed light on defendants' conduct).  HUB may renew its

motion following this court's resolution of any dispositive motions filed by the parties.


                                                BY THE COURT



                                                  /s/ Louis H. Pollak
                                                Pollak, J.